UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ESTATE OF MARIE TOMEI, DECEASED BY THE EXECUTOR MARK TOMEI,** Individually and derivatively on behalf of Nominal Defendant **H&H Manufacturing Co., Inc.** | **DOCKET NO. 2:19-CV-03000-CFK** |
| Plaintiffs | |
| v. | **AMENDED VERIFIED DERIVATIVE SHAREHOLDER COMPLAINT** |
| **THOMAS R. TOMEI** 41 W. Kings Highway, Haddonfield, New Jersey 08033, | **JURY TRIAL DEMANDED** |
| Defendant | |
| & | |
| **H&H MANUFACTURING CO., INC.** 2 Horne Drive Folcroft, PA 19032, | |
| Nominal Defendant | |

## AMENDED COMPLAINT

Plaintiff, Estate of Marie Tomei, Deceased, by the Executor Mark Tomei, by and through its counsel, Joseph M. Fioravanti, Esq., individually and on behalf of Plaintiff H&H

Manufacturing Co. (herein "Estate"), Inc., hereby files the following Complaint, against Defendant Thomas R. Tomei (herein "Tomei") and Nominal Defendant H&H Manufacturing Co., Inc. (herein "H&H"), and as pleads as follows:

## PARTIES

1. Plaintiff, Estate, is the Estate of Marie Tomei, Deceased, is a decedent's estate raised in the State of Florida in and for the County of Palm Beach, which estate is represented by Mark Tomei as the Executor.

2. Mark Tomei is an adult individual with a residential address located at 12605 Oak Arbor Lane, Boynton Beach, FL 33436.

3. Defendant, Tomei, is Thomas R. Tomei, an adult individual with a residential address located at 41 W. Kings Highway, Haddonfield, New Jersey 08033.

4. Nominal Defendant, H&H, is H&H Manufacturing Company, Inc., a Pennsylvania corporation with its principal place of business located at 2 Horne Drive, Folcroft, Delaware County, Pennsylvania 19032.

## JURISDICTION AND VENUE

5. The allegations contained in the preceding paragraphs are incorporated by reference as if fully set forth at length herein.

6. This Court has jurisdiction for this action pursuant to 28 U.S.C. § 1332 because Estate is a citizen of Florida; Tomei is a citizen of New Jersey; and H&H is a citizen of Pennsylvania.

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

8. The allegations contained in the preceding paragraphs are incorporated by reference as if fully set forth at length herein.

9. Estate is a shareholder of H&H.

10. H&H is a closely held Pennsylvania business entity.

11. Tomei is the president and alleged majority shareholder of Defendant H&H.

12. At all times material hereto, Estate has been represented by Estate's counsel.

13. Estate and H&H have been engaged in extensive litigation in the Eastern District of Pennsylvania and the Delaware County Court of Common Pleas of Pennsylvania.

14. At all times material hereto, H&H and Tomei were aware that Estate's counsel represented Estate.

15. Estate, through its counsel, sent formal notice of its position as a shareholder of H&H to Tomei on June 3, 2019 (herein the "June 3, 2019 Notice and Demand"). A true and correct copy of the June 3, 2019 Notice and Demand is attached hereto as Exhibit "A".

16. The June 3, 2019 Notice and Demand also included a formal demand to inspect H&H's books and records for the purpose of reconciling past-due distributions to Estate, ascertaining the scheduling of corporate meetings, and amending corporate tax filings, among other proper purposes.

17. The June 3, 2019 Notice and Demand specifically requested the inspection of H&H's books and records occur within thirty (30) days of its mailing at a time mutually agreed by the parties.

18. Tomei failed to respond to Plaintiff's June 3, 2019 Notice and Demand within five (5) business days.

19. On June 12, 2019, Tomei allegedly responded to Estate's request by email (herein "Tomei's Response"). A true and correct copy of Tomei's Response is attached hereto as Exhibit "B".

20. Tomei's Response alluded to a history of litigation between the parties but failed to address the specific demand for inspection submitted by Estate.

21. Further Tomei's Response contained threats of litigation because the June 3, 2019 Notice and Demand requested documents and information he contends are maliciously motivated and "are already in [Estate's] possession."

22. The June 3, 2019 Notice and Demand clearly delineated Estate's demand to inspect corporate books and records.

23. Further demand on Tomei and H&H to bring suit against themselves would be futile because Defendant Tomei has financial control of H&H, and Tomei is so involved with the wrongdoing alleged herein, as more particularly described below herein.

## COUNT I—VIOLATON OF 15 Pa.C.S. § 1508

### ESTATE, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF H&H

v.

### TOMEI & H&H

24. The allegations contained in the preceding paragraphs are incorporated by reference as if fully set forth at length herein.

25. H&H, being a duly authorized and incorporated business entity under the Pennsylvania Associations Code, and Tomei being the President thereof, had, and continues to have, an obligation to permit Estate, a shareholder of H&H, to inspect its books and records for a proper purpose upon written demand of Plaintiff.

26. 15 Pa.C.S. §1508 provides, in pertinent part:

> If the corporation, or an officer or agent thereof, refuses to permit an inspection sought by a shareholder or attorney or other agent acting for the shareholder pursuant to subsection (b) or does not reply to the demand within five business days after the demand has

been made, the shareholder may apply to the court for an order to compel the inspection.

27. Tomei and H&H failed to respond to Estate's demand within the statutorily mandated five-day timeframe.

28. Tomei and H&H failed to permit Plaintiff reasonable access to its books and records subsequent to Plaintiff's demand.

**WHEREFORE,** Estate hereby requests this Honorable Court:

1. Issue an injunction in favor of Estate, together with costs on Tomei, permitting:

a. Estate's inspection of H&H's books and records for calendar or tax years, as applicable, 2013 to present or the year this matter is resolved by the Court, whichever being later: (i) distribution schedules; (ii) state and federal tax returns; (iii) meeting minutes of any shareholders' and board of directors' meetings; (iv) all bank account records cancelled checks, and QuickBooks documents; and

b. Estate's inspection of, and access to, all documents reasonably necessary for a full accounting of H&H; and

2. Grant any other relief deemed necessary and just.

## COUNT II—BREACH OF FIDUCIARY DUTY

**ESTATE, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF H&H**

v.

**TOMEI & H&H**

29. The allegations contained in the preceding paragraphs are incorporated by reference as if fully set forth at length herein.

30. Estate brings this action derivatively in the right and for the benefit of H&H to redress injuries caused, and to be caused, by Tomei as a direct result of his breach of fiduciary duty.

31. Estate was a shareholder of H&H at the time of the wrongdoing alleged herein and has been a shareholder of H&H continuously since that time.

32. Plaintiff Estate will adequately and fairly represent the interests of the H&H and its shareholders in enforcing and prosecuting its rights.

33. H&H is named as a nominal defendant in this case solely in a derivative capacity.

34. Prosecution of this action, independent of the current board of directors, is in the best interests of the H&H.

35. The foregoing action is not a collusive one to confer jurisdiction that the Court would otherwise lack.

36. The wrongful acts complained of herein subject, and will continue to subject, H&H to continuing harm because the adverse consequences of the actions are still in effect and ongoing.

37. Tomei's threat of further litigation Contained in Tomei's Response, based on the information requested in the June 3, 2019 Notice and Demand, is retaliatory.

38. If acted upon, Tomei's threat of further litigation Contained in Tomei's Response, based on the information requested in the June 3, 2019 Notice and Demand, is a waste of corporate resources.

39. Tomei's failure and refusal to allow Estate, individually and on behalf of H&H, to examine the books and records of H&H constitutes a breach of its fiduciary duty owed to Estate, as more particularly set forth above.

40. Tomei's refusal to permit said inspection without reasonable basis, where the same is demanded for a proper purpose, is motivated by Tomei's own self-interest in that he intends refuses to permit Estate's access to information reasonably necessary to establish its rights as a shareholder.

**WHEREFORE**, Estate hereby requests this Honorable Court enter judgment in its favor and against Tomei in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, punitive damages, costs and attorney's fees incurred by the Plaintiffs.

### JURY DEMAND

Plaintiff demands a jury trial on any and all issues so triable.

Respectfully submitted,

**JOSEPH M. FIORAVANTI, ESQ.**

Dated: 9/20/19

By: /s/ Joseph M. Fioravanti

Joseph M. Fioravanti, Esq.
211 N. Olive Street
Media, PA 19063
610-892-7370
fioravantijm@comcast.net

## Rule 23.1 VERIFICATION

I, Mark Tomei as Executor for the Estate of Marie L. Tomei, deceased, Plaintiff, approve of the filing of this Amended Complaint. I have reviewed the allegations made in this Verified Shareholder Derivative Complaint, as amended, and state the matters stated therein about which I have personal knowledge are true, and the other matters stated therein are true and correct to the best of my knowledge, information and belief, based in part upon the investigation conducted by counsel. Having received the copy of this Amended Complaint, I have reviewed it with my counsel, I hereby authorize its filing.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this ___20___ day of ___Sept.___, 2019

_____
Mark Tomei,
*Executor for the Estate of Marie L. Tomei, deceased*

**EXHIBIT "A"**

·I.

JOSEPH M. FIORAVANTI, ESQUIRE<br>
ATTORNEY AT LAW<br>
211 North Olive Street<br>
Suite 1<br>
Media, PA 19063<br>
<br>
(610) 892-7370<br>
(610) 891-7374 FAX<br>
fioravantijm@comcast.net

June 3, 2019

*via regular mail*
H&H Manufacturing Company, Inc.
2 Home Drive
Folcroft, PA 19032
Attention: Thomas Tomei, President

    Re:    **Estate of Marie Tomei: Shareholder Status**

Dear Mr. Tomei:

    As you aware, pursuant to the April 25, 2019 Order and Opinion of the Eastern District of Pennsylvania, attached hereto for your convenience, the Estate of Marie Tomei (the "Estate") owns 1,000 shares of H&H Manufacturing Company, Inc. ("H&H") free of the restrictions and obligations contained in the 1969 Shareholders' Agreement. As H&H had been proceeding as if these shares had been redeemed, this letter serves to formally notify H&H of the Estate's shareholder status and requests for past due distributions and access to company records in consonance with said shareholder status.

    As to distributions, the Estate would like to ensure that Marie while living and her Estate following her death received the appropriate distributions from H&H through the years. Therefore, within 10 business days of this letter, please provide distribution schedules for H&H from calendar year 2013 through the present. The Estate will then review these records in conjunction with H&H and its accountant to determine: (1) the amount of distributions owed to the Estate; and (2) the amount of distributions that need to be returned to H&H as mistakenly paid to other shareholders.

    As to tax returns, within 10 business days of this letter, please provide Pennsylvania and federal tax returns for the past 5 years, including any return filed for the current year. Upon information and belief, the tax returns will need to be amended to reflect Marie and/or the Estate's ownership status and the proper amount of distributions made to the same.

    As to ownership rights, please accept this letter as notice that the Estate shall be exercising all rights of ownership in the shares as set forth in the Pennsylvania Associations Code (formerly titled the Pennsylvania Business Corporation Law), including all voting rights. All required notices and correspondence should be sent to the Estate attention Joseph Fioravanti, Esquire, at my address set forth above. Within 10 business days of this letter, please provide copies of the meeting minutes of any shareholders and board of directors' meetings from 2013 to the present along with up to date copies of the Bylaws. In accordance with the Bylaws in possession of the Estate, an annual Shareholders' Meeting is scheduled for the 4th Monday of September at the principal offices of H&H. Please advise on whether this is accurate and note the Estate's exercise of its right to be present in person for said meeting.

In light of the above, the Estate would like to hold a meeting with a representative of H&H and H&H's accountant as soon as practicably possible after the above records have been provided to put a plan in place to true up the distributions owed to the Estate, amend tax returns, and discuss the Estate's ownership of H&H moving forward.

Finally, within 30 days of the date of this letter, the Estate would like to arrange an in person inspection of the books and records of H&H at the Folcroft office, which right of inspection is set forth in the Associations Code. The Estate would like to inspect the physical books and records, including, without limitation, all bank account records, cancelled checks, and quick books documents.

I look forward to receiving the requested records. Please contact me to discuss any questions you may have and to schedule the requested meeting and inspection.

Very truly yours,

*/s/ Joseph M. Fioravanti*

Joseph M. Fioravanti

JMF/mcm
Enclosure
cc:   Paul A. Bucco, Esquire *(via email)*
      Nathaniel J. Flandreau, Esquire *(via email)*
      Matthew Green, Esquire *(via email)*
      Lars Lederer, Esquire *(via email)*
      Charles Bowes *(via email)*

# EXHIBIT "B"

From: Tom Tomei <ttomei@live.com>
Sent: Wednesday, June 12, 2019 8:42 AM
To: Joseph M. Fioravanti (fioravantijm@comcast.net) <fioravantijm@comcast.net>
Cc: Paul Bucco <PaulBucco@Davisbucco.com>; Nathaniel Flandreau <nflandreau@davisbucco.com>; Green, Matthew <matthew.green@obermayer.com>; Lars Lederer <lars.lederer@obermayer.com>
Subject: H&H response to your ltr 6-3-19


Please contact me with any questions or concerns prior to your taking this any further. We can likely work something out, if it stays simple.


Please let me know if you are advising Vince Tomei of your actions since he is an important player here, or if you're acting on your own without his specific directions. I know you're not taking direction from my deceased mother, and I know that Mark never needed and has no knowledge of the deep down mechanics of H&H or of the principles of law involved in this case, and has limited practical background to accurately direct attorneys in these matters.


Tom Tomei

H&H


pls also cc to Matt Green

# H & H Manufacturing Company, Inc.
Horne Drive Folcroft Pennsylvania 610-532-8100 Fax 610-461-4820

June 10th, 2019

Joseph M. Fioravanti, Esq.
Estate of Marie L Tomei
211 N Olive St. Suite 1
Media PA 19063

Mr. Fioravanti

Re: Your letter 6-3-19

The date of death of Marie Tomei is known to be March 21st, 2017, however;

The ownership of H&H shares were still being litigated on the date of death and ownership had not been determined nor established prior to the Court's final decision on November 30th, 2017, several months later. Therefore, and obviously, it would be impossible to offer a stock buy-back prior to the ruling that determined ownership of the stock.

The ownership was officially established by Order of the Court of Common Pleas on November 30th, 2017, by Judge Angelos, where it was stated in certain terms, the "Estate of Marie Tomei owns 1000 shares" (5%) of H&H, and as of, and positively and officially decided on that exact date. The fact that she had already deceased prior to the publication of the Decision had no bearing on this finding, nor on the publication date.

Please be reminded that there was indisputable proof and Court determination of Vincent Tomei's "unclean hands" and "lack of credibility" in his trial evidence and testimony. The Court's opinion and the finding of unclean hands and false or questionable testimony is evident, clear and abundant throughout the Court's decision and findings of fact. The Court also found that Vincent Tomei was well known by Marie Tomei to be her agent.

Please correct your thinking, the milestone date for the stock redemption should be the date of Final Decision, when it was decided who actually owned the stock, and not the date of death of that owner. The actual date of death cannot matter if actual ownership had not been determined at that date.

Your attempts to fool or confuse the Courts by ridiculously stating that the actual date of death is relevant and the Trial Court's Final Decision is not relevant, in and of itself, should be considered clear demonstration of malicious use of process. As you are aware, this false claim filed by you, remains in dispute and is presently on appeal to the Third Circuit Court of Appeals.

As further example of your malicious use of process, the demanded documents that are dated prior to the Decision are already in your possession. Likewise, you are also in possession of latest H&H meeting minutes.

None-the-less, since the institution of Vincent Tomei's failed baseless litigations, there were no distributions. To the contrary, Vincent Tomei's baseless litigations have caused permanent and continuing damage to H&H, and by this notice, his representatives, agents and attorneys should also be held responsible for all costs and damages.

Let it be known that any detailed information that requires a cost to H&H will be agreed to and paid by the requesting person, in advance. Such rates and charges will be determined by H&H. Outside accounting and legal costs are 100% the responsibility of the requesting person for their engagement and payment.

While you may have represented the Estate of Marie Tomei in various matters, I have nothing that shows you have authority to further act on the estate's behalf. Please provide me with documentation of your authority.

Thomas R. Tomei
President

cc: Paul A. Bucco, Esq (email)
    Nathaniel J. Flandreau, Esq (nflandreau@davisbucco.com)
    Matthew Green, Esq (email)
    Mark Tomei (emailed, not hidden or omitted by attorneys)